

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TERESA COPELAND, wrongful death beneficiary of DWAYNE COPELAND | PLAINTIFF |
| v. | Civil Action No. 3:15cv595 HTW-LRA |
| BRANDON HMA, LLC d/b/a MERIT HEALTH RANKIN f/k/a CROSSGATES RIVER OAKS HOSPITAL | DEFENDANT |

# COMPLAINT

### (Jury Trial Demanded)

Teresa Copeland, as the wrongful death beneficiary of Dwayne Copeland, files this complaint for damages against Brandon HMA, LLC, doing business as Merit Health Rankin and formerly known as Crossgates River Oaks Hospital. In support of her claims, Plaintiff states:

### PARTIES

1. Plaintiff Teresa Copeland is an adult citizen of the State of Mississippi who resides in Rankin County at 306 Martin Road, Brandon, Mississippi 39042. Mrs. Copeland is the widow of Dwayne Copeland who died on February 15, 2014. Plaintiff is Dwayne Copeland's sole heir and wrongful death beneficiary, as has been determined by the Chancery Court of Rankin County, Mississippi in its order of December 1, 2014.

2. Defendant Brandon HMA, LLC is a limited liability company organized under the laws of the State of Mississippi with its principal place of business located at 4000 Meridian Boulevard, Franklin, Tennessee 37067. Brandon HMA, LLC's registered agent for service of process is CSC

of Rankin County, Inc., 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232. Upon information and belief, Brandon HMA, LLC is a single-member limited liability company with its sole member being Community Health Systems, Inc., a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Tennessee at 4000 Meridian Boulevard, Franklin, Tennessee 37067. Defendant owns and operates a hospital in Rankin County at 350 Crossgates Boulevard, Brandon, MS 39042. The hospital now operates as Merit Health Rankin, but at the times relevant to this complaint, it was known as Crossgates River Oaks Hospital.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1332 as complete diversity of citizenship exists between the parties, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Plaintiff is a Mississippi citizen. Defendant is a limited liability company organized under Mississippi law, but, upon information and belief, its sole member is Community Health Systems, Inc., a Delaware Corporation with its principal place of business in Tennessee. Under *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008), the citizenship of a limited liability company is determined by the citizenship of its members. Under 28 U.S.C. § 1332(c), Defendant's sole member is a citizen of Delaware and Tennessee.

4. The Court has personal jurisdiction over the Defendant, a Mississippi limited liability company which conducts its business within the Southern District of Mississippi.

5. Venue is proper under 28 U.S.C. § 1391 as Defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

**PROCEDURAL REQUIREMENTS**

6. Pursuant to Miss. Code Ann. § 15-1-36(15), Plaintiff has provided notice of her intent to file this suit. The notice letter is attached as Exhibit A.

7. Plaintiff's counsel has attached the certificate required by Miss. Code Ann. § 11-1-58 as Exhibit B.

**FACTS**

8. Crossgates River Oaks Hospital admitted Dwayne Copeland through its emergency department on February 25, 2014. He had presented to the emergency room with complaints of headache, nausea and vomiting.

9. Dr. Stevan Webster, a hospitalist and Mr. Copeland's attending physician, noted metabolic acidosis on the admitting history and physical report. Dr. Webster attributed this condition to Mr. Copeland's medications. The hospital's medical staff later diagnosed Mr. Copeland with cervical facet arthropathy and cervical pain.

10. The medical staff did not admit Mr. Copeland to an intensive care unit. Mr. Copeland was on telemetry in his floor room. He was placed on morphine for pain management. His chart noted a previous diagnosis of obstructive sleep apnea for which he used a CPAP. The nursing notes stated that the CPAP was present in the room. The nursing notes also stated that he could not use the CPAP because of agitation.

11. On February 25, at 7:15 pm, the night nurse charted that Mr. Copeland was increasingly agitated, combative at times and disoriented. The nurse wrote that his face was flushed and that his speech was garbled. The nursing note stated Mr. Copeland was unable to open his eyelids, and the nurse had to manually open them to assess him. All previous charting indicates Mr. Copeland was in no distress and was oriented even while medicated for pain. The nurse did not notify the physician of Mr. Copeland's change in physical and mental status and did not otherwise intervene.

12. Over one hour later, at 8:20 p.m., Mr. Copeland's family called the nurse with concern that he was having a seizure. A nurse assured the family he was not having a seizure, and his primary nurse returned to the room at 8:50 p.m. The nurse noted a high blood pressure reading, and told the CNA to recheck the blood pressure in ten minutes. At 9:20 p.m., the nurse noted increased blood pressure, decreased level of consciousness and attempts by Mr. Copeland to pull his foley catheter, telemetry leads and IV lines. At 10 p.m., the nurse again noted a high blood pressure as well as Mr. Copeland's pulling at the blood pressure cuff and the need to recheck blood pressure when Mr. Copeland calmed down.

13. The next entry in the nursing notes occurred 27 minutes later when Mr. Copeland experienced a significant decrease in heart rate. At 10:33 p.m. he suffered cardiac arrest. A code was called, but resuscitation efforts were unsuccessful. Mr. Copeland's time of death was called at 11:02 p.m.

14. In his discharge summary and on the death certificate, Dr. Webster noted the probable cause of Mr. Copeland's death as sedative excess and airway obstruction.

15. Mr. Copeland suffered a hypoxic episode which led to a cardiac event, likely bradycardia, resulting in fatal cardiac arrest. The hypoxic episode was caused by airway obstruction, excess sedation or both.

## COUNT ONE: MEDICAL NEGLIGENCE

16. The hospital's medical staff breached the applicable standard of medical care owed to Mr. Copeland by failing to admit him to an intensive care unit for close monitoring and intubation in light of his history of obstructive sleep apnea, need for heavy sedation and inability to use a CPAP.

17. The medical staff's breach of the standard of care was a proximate cause of Mr. Copeland's death, resulting in Plaintiff's damages described below.

18. Defendant is liable for the negligence of the medical staff as it either employed the physicians or under the rule of *Hardy v. Brantley,* 471 So. 2d 358 (Miss. 1985).

## COUNT TWO: NURSING NEGLIGENCE

19. The nursing staff breached the applicable standards of care by failing to recognize Mr. Copeland's deteriorating mental and physical condition, as described above, and failing to notify his physician of the significant changes in his condition. Specifically, the given Mr. Copeland's history and heavy sedation, the nursing staff was negligent in recognizing and informing medical staff that Mr. Copeland was experiencing apneic episodes resulting in hypoxia and cardiac arrest.

20. The nursing staff's breach of the standards of care was a proximate cause of Mr. Copeland's death, resulting in Plaintiff's damages described below.

21. Defendant is liable for the negligence of its nursing staff.

## DAMAGES

22. As a result of Defendant's breach of the standard of medical care and breach of the standards of nursing care, Plaintiff suffered and seeks recovery of damages in the following categories:

   a. Dwayne Copeland's final medical expenses

   b. Dwayne Copeland's funeral and burial expenses

   c. Dwayne Copeland's conscious pain and suffering

   d. Loss of Dwayne Copeland's earnings

   e. Loss of society, companionship and services.

23. Plaintiff seeks any category of damages available under the law and supported by the evidence whether or not enumerated in the preceding paragraph.

24. Plaintiff demands trial by jury.

WHEREFORE, Teresa Copeland demands judgment against Brandon HMA, LLC in an amount to be determined by a jury to adequately compensate her for her damages resulting from the death of Dwayne Copeland.

Dated: August 14, 2015.

Respectfully submitted,

TERESA COPELAND

By: _____
James M. Priest, Jr.,
Her Attorney

Of counsel:
James M. Priest, Jr., MSB # 99352
Gill, Ladner & Priest, PLLC
344 Highway 51, Suite 200
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com